PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN FRESE, Defendant and Appellant.

No. 5005. Argued March 14, 1934.—Decided March 29, 1934.

*Quirós Méndez* and *Susoni & Defendini* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Ramón Frese appealed from a judgment of conviction of rape consisting in having had sexual intercourse with an insane woman who was not his wife.

The only error assigned by the appellant in support of his appeal is that the court denied his motion for a nonsuit filed on the ground that the evidence of the district attorney was not sufficient to sustain a conviction.

At the trial, the district attorney presented the testimony of a doctor to the effect that Adela Cardona, 24 years of age, who is the woman referred to in this prosecution, was in the fifth month of pregnancy at the time he examined her. The beginning of her condition coincides with the time when the defendant, as charged, had sexual intercourse with the woman in question, who was not his wife. Another doctor, Director of the Insular Insane Asylum, stated that Adela Cardona has been an imbecile since childhood and that her mentality is that of a girl nine years old: that she can relate things that happened to her, as she is not entirely devoid of memory, but that she is incapable of fully understanding the significance of her acts because her discernment is very rudimentary. Some witnesses testified that on one occasion when they went to the defendant's small store or shop, they saw Adela in the back room of the defendant, close to his bed, that he was holding her hands and that he tried to hide her. Others stated that the defendant rented a site for a small store or shop adjoining the house in which Adela and her family lived, being aware of Adela's insanity and that he moved from there shortly after a month; and others stated that on Adela being found to be pregnant, the defendant went to her house and said to her mother, in the hearing of some neighbors, that he defiled her and that he was going to marry her.

416

The district attorney also called Adela Cardona to the stand, without objection from the defense. A perusal of her testimony convinces us that in spite of her imbecility, she knows and remembers several facts seen or experience by her, since, for example, she told her age, the name of the street on which she lives, that the defendant's name is Moncho, that he owned a small coffee shop adjoining the house where she was living, that he defiled her in his shop to which he had forcibly taken her two or three times, and that she knew that he could be punished, also that she is going to have a child, and that to be married means a church marriage but she is not aware of the consequences of the sexual act between a man and a woman. We will transcribe a part of her testimony as follows: "What do you desire should be done to him? A.—Anything you wish. Q.—Anything we wish? A.—Certainly. Q.—Do you not know what will or might be done to him? Do you? A.—To put him in jail. Q.—Do you think that he can be put in jail? A.—I do. Q.—Should he be killed? A.—No. Q.—Why? (No answer.) Q.—Not so far as that? A.—Certainly not. Q.—Would that be going too far? (No answer.) Q.—Then, you love him? A.—I don't love him, but to kill him, no."

At the close of the district attorney's evidence the defendant submitted a motion for nonsuit alleging that as insane people cannot testify under oath, the fact that Adela Cardona had been called to the stand by the district attorney shows that she was not insane and that, consequently, the defendant had not committed the crime of rape with which he was charged.

For a long time insane persons and imbeciles were held incompetent to testify in the courts, but now the rule is different. In the year 1882, in the case of *District of Columbia* v. *Armes,* 107 U. S. 519, in which an insane person was permitted to testify as a witness, the Supreme Court of the United States said: ". . . It is undoubtedly true that a lu-

natic or insane person may, from the condition of his mind, not be a competent witness. His incompetency on that ground, like incompetency for any other cause, must be passed upon by the court, and to aid its judgment, evidence of this condition is admissible." And after disposing of this point it said: "The general rule, therefore, is, that a lunatic or a person affected with insanity is admissible as a witness if he have sufficient understanding to apprehend the obligation of an oath, and to be capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue; and whether he have that understanding is a question to be determined by the court, upon examination of the party himself, and any competent witnesses who can speak to the nature and extent of his insanity." In 26 A.L.R. 1491 full consideration is given to that question with citation of cases from many states. On page 1429 thereof reference is made to decisions to the effect that a statute providing that all persons are competent witnesses except those who are not mentally sound does not mean that a person declared insane cannot be a competent witness within the general rule.

Confining the issue now to cases like the present one, concerning the rape of insane women or imbeciles, it has been held that such a condition is not in itself sufficient to establish that said female is incompetent to testify. In the case of *Weeks* v. *State* (1915), 126 Md. 223, 94 Atl. 774, a prosecutrix who was an imbecile was permitted to testify, and an appellate court held that her testimony was admissible because the fact that she was alleged to be or was shown to be an imbecile did not necessarily make her an incompetent witness, citing several text writers and cases.

The testimony of the doctor who made the examination of the mental condition of Adela Cardona showed the court that she was capable of relating correctly the things that she had seen or heard in reference to the question in controversy, and the testimony of the prosecutrix at the trial fully confirmed the statement made by the doctor.

In view of the foregoing and of the fact that her testimony was corroborated by other evidence, as appears from the references that we have made from the record, the judgment appealed from must be affirmed.